UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH ERROL MORANT,<br><br>    Defendant. | Criminal No.  08-049<br>(Mag. Crim. No. 08-00157)<br>         RBW/DAR |

MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION

I.  **INTRODUCTION**

Defendant is charged by indictment with possession with intent to distribute a mixture and substance containing cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1).  The undersigned United States Magistrate Judge conducted a detention hearing on March 13, 2008.

Upon consideration of the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

II.  **THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . .  the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. Morant                                                                                                          2

18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).  [indictment is sufficient . . .}

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

United States v. Morant                                                                                                                  3

for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e). An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III. DISCUSSION

The government proceeded by proffering the allegations in substantial conformity with the Statement of Facts attached to the Criminal Complaint (Document No. 1). More specifically, counsel for the government proffered that on February 29, 2008, enforcement officers executed a search warrant at 2353 Ainger Place, S.E., Washington, D.C. The officers found 50 grams of a substance which field tested positive for cocaine, cooking utensils containing cocaine residue and several items associated with drug distribution. On the premises, the officers also recovered several documents with the name of the defendant, and $520. Officers learned that the Defendant shared the residence with an adult woman and five children.

Counsel for the government, in further support of the government's request for pretrial detention, proffered the contents of the report prepared by the Pretrial Services Agency, which indicates that the Defendant (1) at the time of the instant offense, was on probation for possession with intent to distribute a controlled substance, and recently completed a term of probation for possession of a firearm during a drug trafficking offense; and (2) has a prior conviction for possession of cocaine, and that his term of probation for that matter expired unsuccessfully.

United States v. Morant                                                                                                          4

    Defendant offered no evidence.  Through his counsel, Defendant proffered that he was in compliance with the terms of his probation until the February, 2008 arrest, and that he has only one previous felony conviction.  Additionally, in support of Defendant's contention that he does not pose a risk of flight, Defendant's counsel proffered that he has close family ties to the District of Columbia, including family members who agreed to allow him to reside at their home pending trial.  Through his counsel, Defendant requested the court to release him to a work release program with halfway house residency, to allow him the opportunity to maintain his employment and support his children. Defendant proffered that he is employed at a children's daycare program in Maryland as a maintenance worker and bus driver.

    Counsel for the government continued to oppose Defendant's request for release, proffering the nature of the instant criminal offense as support that the Defendant poses a significant risk to his children, the children at the daycare center and the community at large.

## IV.  <u>FINDINGS OF FACT</u>

    Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that the Defendant was actively engaged in the distribution of cocaine base..

    Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

United States v. Morant                                                                                                                5

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is that Defendant was on supervised release at the time of the instant offense for virtually identical offense conduct, and has a prior conviction for possession of a firearm during a drug trafficking offense.

Finally, the undersigned is satisfied that the toll which distribution of cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence of Defendant's significant involvement in the distribution of crack demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's proffer, and finds that while it is sufficient to rebut the presumption of fugitivity, it is insufficient to rebut the presumption of dangerousness. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the March 13, 2008 Order of Detention.

                                                 /s/
                                        DEBORAH A. ROBINSON
                                        United States Magistrate Judge

April 2, 2008
DATE

March 13, 2008
NUNC PRO TUNC